# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3085

_____

Teressa S. Johnson,

        Appellant,

v.

Michael J. Astrue, Commissioner of
Social Security,

        Appellee.

\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*   [UNPUBLISHED]

_____

Submitted: May 11, 2011
Filed: August 11, 2011

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Teressa Johnson appeals a decision of the district court[1] affirming the denial of social security disability benefits. After an evidentiary hearing, an administrative law judge ("ALJ") issued an adverse decision on May 12, 2006. The ALJ found that Johnson suffered from the following severe impairments: somatoform disorder, venous insufficiency, depression, dysthymic disorder, mild degenerative changes of

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

the left temporomandibular joint, carpal tunnel syndrome, and obesity. But the ALJ also found that Johnson retained the residual functional capacity ("RFC") to perform unskilled, sedentary jobs, and therefore was not disabled. Johnson challenged the agency's decision in the district court, and the court concluded that the record did not support the ALJ's rejection of a fibromyalgia diagnosis by Johnson's treating rheumatologist, Dr. David Swift. The district court remanded the case to the agency with instructions that "the ALJ should ask Dr. Swift to evaluate Johnson's ability to function in the workplace given her fibromyalgia-related symptoms."

On remand, the ALJ held supplemental hearings and received testimony from Johnson, her tenant Vicki Searls, two vocational experts, and Dr. Robert Karsh. Dr. Karsh, a rheumatologist, testified after reviewing Johnson's medical records and listening to her testimony. Dr. Karsh opined that the record supported Johnson's diagnosis of fibromyalgia and explained how fibromyalgia interacts with Johnson's other impairments, but also noted inconsistencies in the record with respect to the severity of pain that Johnson alleged. Although the ALJ did not contact Dr. Swift, Johnson returned to Dr. Swift for an evaluation and submitted a letter from him. The letter stated that Johnson suffers from fibromyalgia, that her complaints of pain appeared credible, and that she had complied with treatment recommendations.

The ALJ found that Johnson suffered from fibromyalgia along with her other impairments, but concluded that Johnson's testimony concerning the intensity, persistence, and limiting effects of her symptoms was not completely credible. The ALJ gave greater weight to Dr. Karsh's opinion than to Dr. Swift's opinion regarding the severity of Johnson's fibromyalgia and the relationship of her impairments to her functional abilities. On February 4, 2009, the ALJ determined that Johnson retained the RFC to perform some sedentary jobs and thus was not disabled.

Johnson again proceeded to the district court, and the court upheld the agency's decision. We review the district court's decision *de novo* and sustain the ALJ's

decision if it is supported by substantial evidence on the record as a whole. *Strongson v. Barnhart*, 361 F.3d 1066, 1069 (8th Cir. 2004). The district court ruled, and we agree, that "[a]ny error attributable to the ALJ's failure to personally contact Dr. Swift is harmless," because Johnson submitted a letter from Dr. Swift after an examination, and the ALJ obtained medical testimony regarding Johnson's ability to function in light of her fibromyalgia.

Although the opinion of a treating physician is normally entitled to deference, an ALJ need not defer to such an opinion when it is inconsistent with substantial evidence in the record. *See id.* at 1070; 20 C.F.R. § 404.1527(d). The ALJ determined that other aspects of the record were inconsistent with Dr. Swift's opinion of disabling pain. These inconsistencies included the lack of recommendations from Johnson's medical professionals for a more intensive, aggressive treatment, that Johnson's daily activities "on balance" were inconsistent with her allegations, and that her prescribed medications did not support her allegations. The ALJ thus sufficiently explained, and the record supports, the decision to give more weight to Dr. Karsh's opinion than to Dr. Swift's. The record does not support Johnson's conclusory allegation that the ALJ "ignored completely" the testimony of her tenant. The ALJ expressly considered Searls's testimony, finding it consistent with Johnson's statements.

Having carefully reviewed the record, we conclude that the Commissioner's final decision is supported by substantial evidence on the record as a whole. The judgment of the district court is affirmed. *See* 8th Cir. R. 47B.

_____